

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 30, 1952

Hon. Larry O. Cox
Executive Director
Board for Texas State Hospitals
  and Special Schools
Austin, Texas

Opinion No. V-1447

Re: Authority of the Board
for Texas State Hospi-
tals and Special Schools
to bill alien patients
for board and treatment
regardless of their pres-
ent financial status.

Dear Sir:

      You have requested an opinion of this office regarding the legality of charging alien patients admitted in Texas hospitals and psychopathic hospitals for their support, maintenance and treatment therein, regardless of their present financial ability to pay. You state that as to citizen patients, the Board for Texas State Hospitals and Special Schools, acting under applicable laws, sets up a board and treatment rate in accordance with a patient's ability to pay, up to a maximum of $60.00 per month. No rate is set up for patients unable to pay; however, reimbursement is expected at any later date should they ever become able to pay.

      Under Section 2 of Article 3174b, V.C.S., the State hospitals and special schools (Art. 3174b, Sec. 3) have been placed under the control and management of the Board for Texas State Hospitals and Special Schools. Art. 2654-1, Sec. 4, V.C.S. All powers formerly vested by statute in the Board of Control and pertaining to such hospitals and schools now rest in the newly created Board except such powers as relate to the handling of certain purchases for such institutions.

      Articles 3184 to 3202-b, inclusive, 3216a, 3232a, and 3238a, V.C.S., as amended, make complete provisions for State hospitals, mental and tuberculosis, State special schools and other eleemosynary

institutions.  They provide for the admission of pa-
tients or persons thereto.  With particular refer-
ence to patients admitted to State hospitals and psy-
chopathic hospitals, Article 3196a, enacted in 1937,
provides in part:

"Section 1.  Patients admitted to State
hospitals and State psychopathic hospitals
shall be of two classes, to wit:

"Indigent patients;
"Non-indigent patients;

"Indigent patients are those who pos-
sess no property of any kind nor have any-
one legally responsible for their support,
and who are unable to reimburse the State.
This class shall be supported at the expense
of the State.

"Non-indigent patients are those who
possess some property out of which the State
may be reimbursed, or who have someone legal-
ly liable for their support.  This class shall
be kept and maintained at the expense of the
State, as in the first instance, but in such
cases the State shall have the right to be
reimbursed for the support, maintenance and
treatment of such patients."

"Sec. 2.  Where the patient has no suf-
ficient estate of his own, he shall be main-
tained at the expense:

"Of the husband or wife of such person,
if able to do so;
"Of the father or mother of such person,
if able to do so.

"Sec. 3.  The State Board of Control
/Board for Texas State Hospitals and Special
Schools/ is authorized to demand and conduct
investigations in the County Court to determine
whether or not a patient is possessed of or
entitled to property and/or whether or not
some other person is legally liable for his
support, maintenance, and treatment and to
pay therefor, and to have citation issued
and witnesses summoned to be heard on said
investigation.

"Sec. 4. The State Board of Control /Board for Texas State Hospitals and Special Schools7, directly or through authorized agent or agents, may make contracts fixing the price for the support, maintenance, and treatment of patients in any State hospital or psychopathic hospital at a sum not to exceed the cost of same or for such part thereof as such respective patient, his relatives or guardian of his estate may be able to and agree to pay, and binding the persons making such contracts to payment thereunder.

"Sec. 5. Upon the written request of the State Board of Control /Board for Texas State Hospitals and Special Schools7 the County or District Attorney, or in case of the refusal or inability of both to act, the Attorney General, shall represent the State in filing a claim in Probate Court or a petition in a Court of competent jurisdiction, wherein the guardian of such patient and/or other person legally liable for his support, may be cited to appear then and there to show cause why the State should not have judgment against him or them for the amount due it for the support, maintenance and treatment of such patient; and, upon sufficient showing, judgment may be entered against such guardian or other person for the amount found to be due the State, which judgment may be enforced as in other cases. A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein. . . ."

Other pertinent statutes concerning patients admitted to a State hospital are Article 3196c, Sec. 5, enacted in 1951; Article 3193o-2, Secs. 2, 3, 4, enacted in 1943; Article 3232a, Secs. 3, 9, 11, as amended in 1949.

Consideration of these various provisions leads to the conclusion that once a person is admitted into a State hospital, whether he be a citizen or

an alien, no legal distinction is permitted among patients other than that they are classified as either indigent or non-indigent. Att'y Gen. Op. V-1179 (1951). If classified as indigent, a patient will be supported at the expense of the State.

Article 3196a, supra, authorizes the Board to contract with relatives or the guardian of the estates of the patients, fixing the price for the support of the patients at a sum not to exceed the actual cost of such patients, or for such part thereof as the relative or estate may be able and agree to pay. Furthermore, this statute authorizes the Board to demand an investigation to determine whether a patient is possessed of or entitled to property and whether some other person is legally liable for his support and to pay therefor. It provides a mode of procedure in the County Court to determine whether some other person is legally liable for his support, maintenance and treatment and to pay therefor. Thus, the State has the right of contract for reimbursement or judicial ascertainment through the County Court at the instance of the Board for Texas State Hospitals and Special Schools.

By virtue of the provisions of the laws herein cited, it is the opinion of this office that the Board for Texas State Hospitals and Special Schools is without authority to bill admitted alien patients for support, maintenanct and treatment in State hospitals when they are without means to pay for same, and when there is no one legally liable for their support with ability to pay. The statutes require that admitted "indigent patients" shall be supported at the expense of the State.

SUMMARY

The Board for Texas State Hospitals and Special Schools is without authority to bill admitted alien patients for support, maintenance and treatment when the patients are

without means to pay for same and when there
is no one legally liable for their support
with ability to pay.  The statutes provide
that admitted "indigent patients" shall be
supported at the expense of the State.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

CEO:mh

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant